IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UKA MIN TUN-AUNG MIN,

       Plaintiff,

vs.                                               No. CIV 25-0129 JB/SCY

EAINT POE OU,
BO BO OO,
KYAW NAING and
KHIN SAN AYE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 5, 2025 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed February 5, 2025 (Doc. 3)("Application"). Plaintiff Uka Min Tun-Aung Min appears pro se. For the reasons set out below, the Court: (i) dismisses the claims that Tun-Aung Min asserts for failure to state a claim; (ii) dismisses the Complaint without prejudice; (iii) denies the Application; and (iv) dismisses this case.

## PROCEDURAL BACKGROUND

Tun-Aung Min alleges that the Defendants Eaint Poe Ou, Bo Bo Oo, Kyaw Naing and Khin San Aye are "supporting money million dollars for terrorist group in Myanmar. Also illegally smuggling firearms and illegally set million dollars for money laundering and killing for peoples. And also they selling illegally into import food in U.S." Complaint at 3. Tun-Aung Min also alleges that Defendants are threatening his family. See Complaint at 9, 25.

The Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States

District Court for the District of New Mexico, notifies Tun-Aung Min:

> First, the Complaint fails to state a claim upon which relief can be granted. The Complaint indicates Defendants are violating laws. However, "criminal statutes do not provide for private civil causes of action." Kelly v. Rockefeller, 69 Fed. Appx. 414, 415-416 (10th Cir. 2003); see Diamond v. Charles, 476 U.S. 54, 64 (1986)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Furthermore, there are no allegations explaining what each Defendant did to Plaintiff. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007)("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [each] defendant did it; how [each] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [each] defendant violated.")(emphasis added).

> Second, it appears that the District of New Mexico is not the proper venue for this action because there are no allegations that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of New Mexico. See 28 U.S.C. § 1391(b)(stating a civil action may be brought in a judicial district in which defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred); 28 U.S.C. § 1391(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

Order to Show Cause and for Amended Application to Proceed In Forma Pauperis at 2-3, filed

February 10, 2025 (Doc. 5)("Order")(footnote omitted). Magistrate Judge Yarbrough ordered

Tun-Aung Min to show cause why the Court should not dismiss this case and to file an amended

complaint. See Order at 5 (ordering for the reasons stated above).

Tun-Aung Min filed four documents in response to Judge Yarbrough's Order. See

[Response to] ORDER TO SHOW CASE [sic], Terrorist supported money and illegally firearms

smuggling, filed February 19, 2025 (Doc. 6); [Response to] ORDER TO SHOW CASE [sic],

Threatened, filed February 19, 2025 (Doc. 7); [Response to] ORDER TO SHOW CASE [sic]

illegally smuggling food imported, filed February 19, 2025 (Doc. 8); Uka Min Tun Aung Min's

Request to the Police Officers in New Mexico and the United States Judicial System to Fairly

Conduct Investigations into Whether "Project TheKey" with the Promise to the Raffle-ticket

Buyers in the U.S. and Other Countries Is "USD 2 Million or More Than That" financial Fraud, or

Not, filed February 19, 2025 (Doc. 9). The four documents purport to provide evidentiary support

for Tun-Aung Min's claims, but do not address the issues of failure to state a claim and venue that

Judge Yarbrough raises in his Order.

    Magistrate Judge Yarbrough also notified Tun-Aung Min:

> The statute for proceedings in forma pauperis, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

>> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

> Menefee v. Werholtz, 368 Fed. Appx. 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs. . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339.

> It is not clear from the information in the Application whether Plaintiff is able to pay the costs of these proceedings. Plaintiff signed an affidavit stating Plaintiff is unable to pay the costs of these proceedings. See Application at 1. However, the Application indicates the combined monthly income of Plaintiff and Plaintiff's spouse exceeds their monthly expenses by $4,720.00, which indicates Plaintiff is able to pay the fees and costs of this action. See Application at 1, 5.

Order at 4. Magistrate Judge Yarbrough ordered Tun-Aung Min to file an amended Application

that clarifies Tun-Aung Min's income, expenses and ability to pay the fees and costs of this action.

See Order at 4-5.  Tun-Aung Min does not file an amended Application by the March 3, 2025, deadline, or otherwise.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110. The Court, however, will not "assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly").  A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Fed. R. Civ. P. 12(b)(6).  While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is ""patently obvious' that the plaintiff could not prevail on the facts

alleged, and allowing him an opportunity to amend his complaint would be futile.'"  Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991)).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.).  The complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss.");  Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all wellpled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, but a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient.  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.).  The United States Court of Appeals for the Tenth Circuit states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  [Twombly, 127 S. Ct.] at 1974.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.).

Although affirmative defenses generally must be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions.  First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss.  See Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)); Robbins v. Oklahoma, 519 F.3d at 1247.  Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent

on the complaint's face. See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill, J.)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."). The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish. See 5 Charles Alan Wright and Arthur Miller, Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004). If the complaint sets forth dates that appear to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute. The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion. Cf. Kincheloe v. Farmer, 214 F.2d 604, 605 (7th Cir. 1954)(Major, J.)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense). It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates. See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(Ripple, J.). Although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this practice. See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188, 1210 (D.N.M. 2014)(Browning, J.).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution of the United States or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second brackets added in Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of State law, violates the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of State law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court notes:

> Broken down differently, a plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a government agents in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens[1] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they know or reasonably should know that their conduct will lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limits, but does not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court holds that a violation of the Fourth Amendment of the Constitution "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The

language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because

vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the

Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson stated:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude
> the following basis of § 1983 liability survived it and ultimately resolves this case: §
> 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates,
> promulgates, implements, or in some other way possesses responsibility for the
> continued operation of a policy the enforcement (by the defendant-supervisor or her
> subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the
> deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit notes, however, that "Iqbal may very

well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways

we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200.  It concludes

that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and

personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200.  More specifically, the Tenth

Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by

their subordinates and their 'adoption of any plan or policy . . . . -- express or otherwise -- showing their

authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting

Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

        The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode,

where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under

§ 1983 for constitutional violations that unnamed individual police officers commit.  See Dodds v.

Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).  The Tenth Circuit notes that

the Supreme Court in that case found a sufficient link between the police misconduct and the city

officials' conduct, because there is a deliberate plan by some of the named defendants to "'crush the

nascent labor organizations.'"  <u>Dodds v. Richardson</u>, 614 F.3d at 1200 (quoting <u>Rizzo v. Goode</u>, 423

U.S. at 371).

## <u>LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS ("IFP")</u>.

The statute for proceedings IFP, <u>see</u> 28 U.S.C. § 1915(a), provides that a district court may

authorize the commencement of any suit without prepayment of fees by a person who submits an

affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed IFP, it should
> examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are
> satisfied.  If they are, leave should be granted.  Thereafter, if the court finds that the
> allegations of poverty are untrue or that the action is frivolous or malicious, it may
> dismiss the case[.]

<u>Menefee v. Werholtz</u>, 368 Fed. App'x. 879, 884 (10th Cir. 2010)(citing <u>Ragan v. Cox</u>, 305 F.2d 58,

60 (10th Cir. 1962)).  "[A]n application to proceed <u>in forma pauperis</u> should be evaluated in light

of the applicant's present financial status."  <u>Scherer v. Kansas</u>, 263 Fed. App'x. 667, 669 (10th Cir.

2008)(citing <u>Holmes v. Hardy,</u> 852 F.2d 151, 153 (5th Cir. 1988)).  "The statute [allowing a litigant

to proceed IFP] was intended for the benefit of those too poor to pay or give security for costs . . .

."  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 344 (1948).  While a litigant need not

be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his

poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents

'with the necessities of life.'"  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. at 339.  While

the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a)

because he or she is not "absolutely destitute," the court may deny permission for a person to

proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few

hundred dollars.  <u>Brewer v. City of Overland Park Police Department</u>, 24 Fed. App'x. 977, 979

(10th Cir. 2002)(stating that a litigant whose monthly income exceeds his monthly expenses by a few hundred dollars according to his own accounting appears to have sufficient income to pay filing fees, and, thus, is not entitled to IFP status).[2]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).  See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).  Ragan v. Cox, 10 Cir., 305 F.2d 58; Martin v. United States, 10 Cir., 273 F.2d 775, cert. denied 365 U.S. 853, 81 S.Ct. 818, 5 L.Ed.2d 816.

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2).  The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege

---

[2]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00.  See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees.  Brewer's monthly income exceeds his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## ANALYSIS

Having carefully reviewed the Complaint, and the relevant law, the Court: (i) dismisses Tun-Aung Min's claims for failure to state a claim; (ii) sua sponte dismisses the Complaint without prejudice; and (iii) denies Tun-Aung Min's Application to proceed IFP. First, the Complaint does not state a claim pursuant to § 1983 against Ou, Oo, Naing and Aye, because there are no factual allegations demonstrating that: (i) Ou, Oo, Naing, and Aye, were acting under color of State or federal law; and (ii) Ou, Oo, Naing and Aye, deprived Tun-Aung Min of a federal right. See West v. Atkins, 487 U.S. 42, 48 (1988)(holding that, to state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of State law.). If Tun-Aung Min is asserting claims pursuant to other federal or State law, the Court also dismisses those claims for failure to state a claim, because there are no factual allegations what Ou, Oo, Naing, and Aye did to Tun-Aung Min, when they did it, and what specific legal right Tun-Aung Min believes Ou, Oo, Naing, and Aye violated. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1163 (10th Cir. 2007)("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Second, the Court dismisses the Complaint <u>sua sponte</u> without prejudice.  Rule 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P.  41(b).  <u>See</u> <u>AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.</u>, 552 F.3d 1233, 1236 (10th Cir. 2009).  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation."  <u>Rogers v. Andrus</u> <u>Transp. Services</u>, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions <u>sua sponte</u> for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."  <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  Here, after notifying Tun-Aung Min that the Complaint fails to state claims upon which relief can be granted, Magistrate Judge Yarbrough ordered Tun-Aung Min to file an amended complaint.  <u>See</u> Order at 3, 5. The deadline to amend was March 3, 2025.  <u>See</u> Order at 5.  Tun-Aung Min has not filed an amended complaint.  The Court, therefore, <u>sua sponte</u> dismisses the Complaint pursuant to rule 41(b).  <u>See</u> Fed. R. Civ. P.  41(b).  Next, "[d]ismissals pursuant to Rule 41(b) may be made with or without prejudice."  <u>Davis v. Miller</u>, 571 F.3d 1058, 1061 (10th Cir. 2009)(Court adds brackets).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  <u>Nasious v. Two</u> <u>Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center</u>, 492 F.3d 1158, 1162 (10th Cir. 2016)("<u>Nasious</u>").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  <u>Nasious</u>, 571 F.3d at 1061.  Those criteria include: the degree of actual prejudice

to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. Nasious, 571 F.3d at 1061. Here, however, the Court dismisses Tun-Aung Min's claims without prejudice. The Court, therefore, does not need to evaluate the Nasious factors for dismissal with prejudice.

Third, the Court denies Tun-Aung Min's Application to proceed IFP. Magistrate Judge Yarbrough: (i) notified Tun-Aung Min that the Application to proceed IFP indicates that Tun-Aung Min is able to pay the fees and costs of this action; and (ii) ordered Tun-Aung-Min to file an amended Application. The deadline to file an amended Application was March 3, 2025. See Order at 5. Tun-Aung Min has not filed an amended Application. The Court denies Tun-Aung Min's Application to proceed IFP, because: (i) Tun-Aung Min's Application indicates the combined monthly income of Tun-Aung Min and his spouse, by Tun-Aung Min's own accounting, exceeds their monthly expenses by $4,720.00; and (ii) Tun-Aung Min has not filed an amended Application. See Brewer v. City of Overland Park Police Department, 24 Fed. App'x. 977 at 979 (stating that a litigant whose monthly income exceeds his monthly expenses by a few hundred dollars according to his own accounting appears to have sufficient income to pay filing fees, and, thus, is not entitled to IFP status).

**IT IS ORDERED** that: (i) the Plaintiff's claims are dismissed for failure to state a claim; (ii) Tun-Aung Min's Complaint, filed February 5, 2025 (Doc. 1), is dismissed without prejudice; (iii) Tun-Aung Min's Application to Proceed in District Court Without Prepaying Fees or Costs, filed February 5, 2025 (Doc. 3), is denied; (iv) the Court will enter a separate Final Judgment.

UNITED STATES DISTRICT JUDGE

*Parties:*

Uka Min Tun-Aung Min
Albuquerque, New Mexico

    *Plaintiff pro se*